UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:25-CV-173-FL

DONIESHA EDWARDS,

    Plaintiff,

v.

TRANSUNION LLC,

    Defendant.

MEMORANDUM AND RECOMMENDATION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for failure to state a claim and that the application to proceed *in forma pauperis* be denied as moot.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490

U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This is necessary "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At the pleading stage, "while a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Analysis

Plaintiff, Doneisha Edwards, filed the instant complaint alleging that Defendant,

2

Transunion LLC, violated the Fair Credit Reporting Act, specifically 15 U.S.C. §§ 1681e(b) and 1681s-2(b), by failing to conduct a reasonable investigation and failing to maintain possible accuracy. [DE-1] at 4. Plaintiff alleges that she disputed multiple errors on her credit report and Transunion "still verified the errors." *Id.* Plaintiff seeks $25,000 in damages. *Id.*

The purpose of the FCRA is to ensure "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). To this end, the FCRA imposes certain duties and procedures on various entities operating in the consumer reporting industry, including credit reporting agencies, furnishers of credit information to credit reporting agencies, and users of consumer reports. *See* 15 U.S.C. § 1681, *et seq.* A credit reporting agency is required to prepare consumer credit reports that reflect the "maximum possible accuracy" of the information concerning the individual about whom the report relates. *Id.* § 1681e(b). In interpreting FCRA claims, the Fourth Circuit has held that "a consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Wallace v. Equifax Info. Servs., Inc.*, No. 5:23-CV-279-BO-RN, 2024 WL 218622, at *2 (E.D.N.C. Jan. 19, 2024) (quoting *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)). Information on a credit report is inaccurate if it is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* Additionally, "a consumer who brings a § 1681i failure to reinvestigate claim must first show that his 'credit file contains inaccurate or incomplete information.'" *Id.* (quoting *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009)). Courts, including this one, have applied "the same understanding of 'inaccurate' in analyzing § 1681e and § 1681i claims." *Id.* (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

As an initial matter, 15 U.S.C. § 1681s-2(b) sets forth the duties of "furnishers of

3

information." As one court explained, under § 1681s-2(b), if a consumer notifies a credit reporting agency that they dispute the completeness or accuracy of particular information and the agency notifies the person who furnished the information of the consumer's dispute, the furnisher must investigate the claim, report the results of the investigation to the agency, notify any other credit reporting agencies to which the furnisher had provided that information of the incompleteness or inaccuracy, and revise the information accordingly. *Hampton v. Wells Fargo Bank, N.A.*, No. CV DLB-22-1712, 2023 WL 6200009, at *5 (D. Md. Sept. 22, 2023). However, here, based on the few allegations in the complaint, Transunion does not appear to be a "furnisher" but rather is a "credit reporting agency." Accordingly, Plaintiff has failed to state a claim under 15 U.S.C. § 1681s-2(b).

Liberally construing Plaintiff's complaint, it appears that Plaintiff intended to bring claims under § 1681e(b) and § 1681i. However, the complaint contains only general allegations that Transunion "failed to conduct a reasonable investigation" and "failed to maintain possible accuracy" after Plaintiff "disputed multiple errors on [her] credit report[.]" [DE-1] at 4. The complaint lacks sufficient factual matter necessary to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and, thus, violated Fed. R. Civ. P. 8. *See Brown v. Equifax Inc.*, No. 5:19-CV-78-BO, 2019 WL 1810976, at *1 (E.D.N.C. Apr. 24, 2019) (dismissing case where it was "indisputable that the complaint contains only cursory allegations of violations of [FCRA] without supporting factual content"); *Green v. TransUnion*, No. 2:22-cv-01546-RMG-MHC, 2023 WL 11941017, at *5 (D.S.C. Mar 30, 2023) ("The allegations in Plaintiff's Complaint does [sic] little more than repeat the language of the statute, and does [sic] not provide any factual allegations showing that her credit file contains inaccurate or incomplete information") (internal citations and quotation marks omitted); *cf. Johnson v. Experian Info. Sols.*, No. 5:23-CV-687-M, 2024 WL

4

4281446, at *3 (E.D.N.C. Aug. 1, 2024) (allowing § 1681i claim to proceed where plaintiff provided detail about the purported inaccuracies, including that creditor offered him an accommodation to the payment schedule that credit report did not reflect), *adopted by*, 2024 WL 4063555 (E.D.N.C. Sep. 5, 2024). Furthermore, to the extent Plaintiff attempts to assert a claim under § 1681i(a)(5)(A) for failure to remove inaccurate information from her credit report, the complaint fails to allege that Plaintiff suffered any injury caused by the failure to delete an inaccurate item. *See Mathews v. Experian Info. Sols. Inc.*, No. 1:24CV71, 2024 WL 898697, at *2 (M.D.N.C. Mar. 1, 2024) (finding that a complaint alleging that defendants failed to "remove all inaccurate reporting" from his credit report but contained "no factual matter to support that Plaintiff suffered any injury" from the inaccurate reporting, failed to state a claim under 15 U.S.C. § 1681i(a)(5)(A)), *report and recommendation adopted sub nom. Mathews v. Experian Info. Sols. Inc.*, 2024 WL 1532116 (M.D.N.C. Mar. 27, 2024). Accordingly, the complaint should be dismissed for failure to state a claim.

### III. Conclusion

For the reasons stated herein, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim and that the application to proceed *in forma pauperis* be denied as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **November 10, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, the **27** day of October, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge